## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**KATHY HART,**

    **Plaintiff,**

v.                                                                          Case No:

**INVESTMENT RETRIEVERS, INC.**,

    **DEMAND FOR JURY TRIAL**

    **Defendant.**

_____/

### PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **KATHY HART** ("Ms. Hart" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **INVESTMENT RETRIEVERS, INC.** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by misrepresenting the right to sue Ms. Hart outside of the statute of limitations applicable to Defendant's account stated cause of action, which can reasonably be expected to harass Ms. Hart.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Hart, was and is a natural person and, at all times material hereto, is an adult, a resident of Marion County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. At all times material hereto, Defendant was and is a company with its principle place of business in the State of CA and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

## *Statements of Fact*

6. In 2008, Ms. Hart obtained a personal automobile loan from Debt Owner that was assigned a unique account number to finance the purchase of a vehicle ("Account").

7. Sometime thereafter, Ms. Hart encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder.

8. Ms. Hart's last date of payment towards the Account was March 7, 2012.

9. June 20, 2012, Nissan repossessed the automobile with intentions to auction or sell the automobile to satisfy the balance owed on the Account.

10. In July of 2012, the automobile was sold but Ms. Hart still owed an alleged balance on the Account ("Debt").

11. On or around March 19, 2015, the Account was then sold, assigned, or transferred to Defendant for collection purposes.

12. On or around November 7, 2018, Defendant filed suit against Ms. Hart in attempts to collect the Debt; Marion County Case No. 18-CC-001297 ("Lawsuit"). *See* **Exhibit A.**

13. In the lawsuit, Defendant alleged one cause of action under account stated against Ms. Hart.

14. Defendant's account stated cause of action in the Lawsuit is not founded upon a written instrument.

15. Defendant alleges that Ms. Hart's failure to reinstate the contract within the timeframe set forth in the notice attached to its complaint in the Lawsuit caused Ms. Hart to be liable for its alleged account stated cause of action. *See* **Exhibit A, ¶¶ 9-10.**

16. The statement attached to Defendant's complaint in the Lawsuit was rendered on or about June 25, 2012 ("June 25, 2012 Notice"). *See* **Exhibit A.**

17. Ms. Hart allegedly did not object to the accuracy of the Account within a reasonable time after receiving the June 25, 2012 Notice.

18. The statute of limitations applicable to the Florida common law account stated cause of action is four years, see Fla. Stat. § 95.11(3)(k).

19. In Florida, a cause of action accrues when the last element constituting the cause of action occurs, see Fla. Stat. § 95.0131(1).

20. The last element of Defendant's asserted cause of action in the Lawsuit was Ms. Hart's failure to reinstate the contract within the timeframe set forth in the June 25, 2012 Notice, which created a prima facie case for the correctness of the Account and the alleged liability of Ms. Hart in the Lawsuit.

21. No circumstance has occurred since the date expired during which Ms. Hart did not reinstate the contract within the timeframe set forth in the June 25, 2012 Notice that would have tolled the statute of limitations under Fla. Stat. § 95.051(1)(a)-(i).

22. Accordingly, the applicable statute of limitations to Defendant's reinstatement timeframe set forth in the June 25, 2012 Notice cause of action in the Lawsuit expired on or around July 5, 2016.

23. Despite having knowledge that the statute of limitations expired on July 5, 2016, Defendant then sued Ms. Hart two years and four months later on November 7, 2018 for account stated.

24. Defendant has harassed Ms. Hart by suing Ms. Hart after the statute of limitations has expired in connection with the collection of the Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

25. Ms. Hart re-alleges paragraphs 1-24 and incorporates the same herein by reference.

26. Ms. Hart is a "consumer" within the meaning of the FDCPA.

27. The subject debt is a "consumer debt" within the meaning of the FDCPA.

28. Defendant is a "debt collector" within the meaning of the FDCPA.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C § 1692d by suing Ms. Hart under account stated after the statute of limitations had expired in attempts to collect the Debt, which can reasonably be expected to harass Ms. Hart.

   b. Defendant violated 15 U.S.C § 1692e (2)(A) by misrepresenting the right to sue Ms. Hart under account stated after the statute of limitations had expired in attempts to collect the Debt.

   c. Defendant violated 15 U.S.C § 1692e (5) by misrepresenting the right to sue Ms. Hart under account stated after the statute of limitations had expired in attempts to collect the Debt, which action cannot legally be taken.

30. As a result of the above violations of the FDCPA, Ms. Hart has been subjected to illegal collection activities for which she has been damaged.

31. Defendant's actions have damaged Ms. Hart by causing her stress.

32. Defendant's actions have damaged Ms. Hart by causing her aggravation.

33. Defendant's actions have damaged Ms. Hart by causing her emotional distress.

34. Defendant's actions have damaged Ms. Hart by causing her to be forced to retain an attorney to defend her in the Lawsuit.

35. It has been necessary for Ms. Hart to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

36. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")

37. Ms. Hart re-alleges paragraphs 1-24 and incorporates the same herein by reference.

38. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72 (7) by suing Ms. Hart under account stated after Defendant knew the statute of limitations had expired two years and four months before it filed suit in attempts to collect on the Debt, which can reasonably be expected to harass Ms. Hart.

    b. Defendant violated Fla. Stat. § 559.72 (9) by misrepresenting the right to sue Ms. Hart under account stated after the statute of limitations had expired two years and four months before it filed suit in attempts to collect the Debt when Defendant knew such legal right did not exist.

39. As a result of the above violations of the FCCPA, Ms. Hart has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

40. Debt Collector's actions have damaged Ms. Hart by causing her stress.

41. Debt Collector's actions have damaged Ms. Hart by causing her aggravation.

42. Defendant's actions have damaged Ms. Hart by causing her emotional distress.

43. Defendant's actions have damaged Ms. Hart by causing her to be forced to retain an attorney to defend her in the Lawsuit.

44. It has been necessary for Ms. Hart to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

45. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Kathy Hart, demands a trial by jury on all issues so triable.

Respectfully submitted this **September 26, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff